# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GRACE VAUGHN, | : | |
| Plaintiff, | : | Case No. 3:16cv00248 |
| vs. | : | District Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO, | : | |
| | : | |
| Defendant. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Grace Vaughn, a resident of Dayton, Ohio, brings this case claiming violations of her civil rights by the denial of her and her female partner's application for a marriage license in 1974. She seeks $100,000,000 in damages. The sole defendant named in Plaintiff's Complaint is the Common Pleas Court of Montgomery County, Ohio.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. The case is before the Court for an initial review to determine whether her complaint, or any portion of it, must be dismissed because it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2); *see, e.g., Anson v. Corr. Corp. of Am.*, 529 Fed.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

App'x 558, 559-60 (6th Cir. 2013). "A complaint is frivolous only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A complaint lacks an arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *See Neitzke,* 490 U.S. at 327-28; *see also Brand,* 526 F.3d at 923.  A complaint lacks arguable facts when its allegations are "fantastic or delusional." *Brand,* 526 F.3d at 923 (quoting *Neitzke,* 490 U.S. at 327-28); *see Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990).

Returning to Plaintiff's Complaint, she explains that in 1974, she and Phyllis Marshall applied for a marriage license at the Montgomery License Bureau.  The License Bureau denied their application on the ground that they "are females."  (Doc. #2, *PageID* #17).  They challenged that denial in the Montgomery County Court of Common Pleas but the Court concluded, "'that it is the express legislative intent that those persons who may be joined in marriage must be of different sexes.'" *Id*.  This language is drawn from the Decision and Entry issued in 1975 by the Court of Common Pleas.  Plaintiff has attached a copy of the decision to her Complaint. *Id*. at 19-21.  Final judgment was entered in favor of the defendant and against the plaintiffs in that state case. *Id*.

Plaintiff lists three claims: 1) "Civil Rights Violation under the United States Constitution"; 2) "Emotional Distress and suffering from denying us our right to legally marry, which prevent us from fully enjoying our lives"; and 3) "Damages of deprivation of

our Civil Rights which was a violation under the United States Constitution ...." *Id*. at 17.

The present *sua sponte* review begins by accepting Plaintiff's allegations as true and liberally construing her *pro se* Complaint in her favor. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Doing so squarely places her claims under 42 U.S.C. §1983, which requires plaintiffs to show, "'(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Shadrick v. Hopkins Cty., Ky.*, 805 F.3d 724, 736 (6th Cir. 2015) (quoting *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir.2010) (internal quotation marks omitted)). Although Plaintiff's factual allegations are not fantastic or delusional, her claims are legally frivolous because she asserts a violation of a constitutional right that did not exist in 1975 when her application for a marriage license was denied. The constitutional right she now seeks to vindicate was not recognized until 2015. *See Obergefell v. Hodges*, __U.S.__, 135 S.Ct. 2584 (2015).

Additionally, the Montgomery County Court of Common Pleas is not a "person" under § 1983 and lacks the capacity to be sued (*i.e.*, it is not *sui juris*). *See Evans v. Cordray*, No. 2:09-CV-587, 2012 WL 1021698, at *3 (S.D. Ohio Mar. 26, 2012) ("[I]t is not proper to make a court a defendant. Courts are not persons within the meaning of 42 U.S.C. § 1983.").

Accordingly, Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2);

2. The Court certify under 28 U.S.C. § 1915(a)(3) that Plaintiff's appeal, if any, would not be taken in good faith; and,

3. The case be terminated on the docket of this Court.


August 12, 2016

                                                   s/Sharon L. Ovington
                                                    Sharon L. Ovington
                                        Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).